Land, 175 Pa. 523; City of Philadelphia v. Philadelphia & Reading Railroad Company, 177 Pa. 292; Philadelphia v. Traction Company, 208 Pa. 157. That this was the settled policy of the law is clearly demonstrated, by Mr. Justice FELL, in the case last cited, who there reviews the authorities which had established the rule. The act of 1901 was written in the light of these decisions, and the words "real estate" when used therein must be held to have the meaning which had been given to them by the Supreme Court in construing previous statutes authorizing taxation of the same character, in the absence of a clearly expressed legislative intention that they should have a different meaning: Pennsylvania Railroad Company v. Pittsburg, 221 Pa. 90; Conoy Township v. York Haven Electric Power Plant Company, 222 Pa. 319. The roadbed of a public railroad is not "real estate" within the meaning of the act of 1901 and is not subject to assessment for local taxation and municipal claims.

The judgment is affirmed.

---

# Philadelphia, Appellant, *v.* Philadelphia & Reading Railroad Company.

Argued Dec. 18, 1908. Appeal, No. 205, Oct. T., 1908, by plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1903, No. 3,997, M. L. D., making absolute rule to strike off liens in case of City of Philadelphia v. Philadelphia & Reading Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

OPINION BY PORTER, J., February 26, 1909:

This record presents the same question considered in the case No. 204, October Term, 1908, between the same parties, ante, p. 529, in which an opinion has this day been filed, and for the reasons there stated the judgment is affirmed.